UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEL BLANCO MORENO and TIFFANY MORENO, *Appellants*, v. ALAN HALPERIN, *solely in his capacity as* LIQUIDATION TRUSTEE OF THE GFES LIQUIDATION TRUST, *Appellee*. | § | Civil Action No. 3:26-CV-2865-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Appellants Michel Blanco Moreno and Tiffany Moreno's (the Morenos) emergency motion to stay judgment pending appeal. (Doc. 4). After reviewing the motion, briefing, and applicable law, the Court **DENIES** the motion.

## I. Background

This is a bankruptcy appeal concerning misappropriated funds and a house Troy Aikman used to own (the Aikman House). When this dispute began in 2015, Tony Romo still played quarterback for the Dallas Cowboys. And now, this dispute has touched more courts than the Cowboys have Super Bowl rings.[1]

[1] This dispute has played four games at home and four on the road: the District of Delaware Bankruptcy Court, the District of Delaware District Court, the Third Circuit Court of Appeals, the Western District of Louisiana Bankruptcy Court, a Dallas County trial court, the Fifth Court of Appeals Dallas, the Northern District of Texas Bankruptcy Court, and this Court. The Cowboys have five Super Bowl rings (including three with Troy Aikman and none this century)—1972, 1978, 1993, 1994, and 1996.

Michel Moreno obtained a loan from Goldman Sachs to fund a company he controlled. Instead of funding the company, however, the Morenos bought the Aikman House for $10 million, in direct violation of the Goldman Sachs loan documents that prohibited using the loan proceeds for a home purchase. The company Michel's[2] loan was intended for went bankrupt, and that company's bankruptcy trustee sued Michel for tortious interference in Delaware.

The Delaware Bankruptcy Court found Michel personally liable for tortious interference and recommended imposing a constructive trust on the Aikman House. The Delaware District Court imposed that constructive trust, and the Third Circuit affirmed. The Bankruptcy Trustee domesticated the Delaware judgment in Texas state court in 2020.

Michel later filed an individual bankruptcy in Louisiana, and that court transferred the case to this District's Bankruptcy Court. The Bankruptcy Court granted the trustee's motion for summary judgment and ordered the Morenos to vacate the Aikman House by October 6, 2026. The Morenos appealed and filed this motion.

## II. Legal Standard

The Supreme Court has made clear that "[a] stay is not a matter of right, even if irreparable injury might otherwise result."[3] Instead, a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances

[2] Because this case involves two Morenos, the Court refers to them by first name.

[3] *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up).

of the particular case."[4] "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."[5] When deciding whether to grant a stay pending appeal, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[6]

The first two factors "are the most critical."[7]

## III. Analysis

The four factors weigh against a stay pending appeal.[8]

First, the Morenos have not shown a likelihood of success on the merits. The Delaware court created a constructive trust after finding that Michel purchased the Aikman House with misappropriated loan funds meant for Michel's business.[9] The trustee properly domesticated that judgment in Texas.[10] And as the bankruptcy court below held, res judicata applies, and the Court must respect the Delaware

---

[4] *Id.* (cleaned up).

[5] *Id.* at 433–34.

[6] *Id.* at 434 (cleaned up).

[7] *Id.*

[8] The Morenos' argument that the Court has no jurisdiction fails. Doc. 5 at 13–14. Michel invoked the Bankruptcy Court's jurisdiction by claiming a homestead exemption. Doc. 5 at 1–2. A bankruptcy court necessarily has jurisdiction to decide whether property a debtor claims as exempt is estate property at all—that is a core proceeding. 28 U.S.C. § 157(b)(2)(B), (K), (O).

[9] *See In re Green Field Energy Servs., Inc.*, 594 B.R. 239, 305–06 (Bankr. D. Del. 2018); *In re Green Field Energy Servs., Inc.*, 610 B.R. 760, 778–79 (D. Del. 2019).

[10] *Moreno v. Halperin as Trustee of GFES Liquidation Trust*, 2021 WL 5902931, at *1 (Tex. App.—Dallas Dec. 14, 2021, pet. denied).

judgment placing the Aikman House in a constructive trust.[11] So the Morenos will likely not succeed on the merits.

Second, the Morenos have not shown an irreparable injury because the trust holds the equitable interest in the Aikman House. Whenever legal title to property has been obtained fraudulently, "equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same."[12] The Delaware court found that the Morenos obtained the house fraudulently and imposed a constructive trust, so the trust holds the equitable interest in the Aikman House.[13] Accordingly, the Morenos do not have an equitable interest in the Aikman House and cannot claim it as their homestead.[14] So while having to vacate a house normally constitutes an irreparable injury, the Morenos have not suffered an irreparable injury because the trust has the equitable interest in the Aikman House.

Third, the issuance of the stay factor weighs against the Morenos. This dispute has already gone on for more than eleven years—as many years as Aikman had concussions and one less than the dozen years Aikman quarterbacked America's team. And we have a final judgment from Delaware that has gone unpaid since

---

[11] *See* Doc. 6, App. 15–17. The Court agrees with the bankruptcy court that res judicata applies to Tiffany too because Michel adequately represented her interests in Delaware. *Id.* at App. 21–23.

[12] *Fitz-Gerald v. Hull*, 237 S.W. 2d 256, 263 (Tex. 1951); *see also Southmark Corp. v. Grosz*, 49 F.3d 1111, 1117–18 (5th Cir. 1995) (excluding constructive trust property from bankruptcy estate).

[13] *See In re Green Field,* 594 B.R. at 306; *In re Green Field*, 610 B.R. at 778–79 (adopting the bankruptcy court's judgment).

[14] *See* 11 U.S.C. § 541(d). The Delaware bankruptcy court also expressly found that Texas homestead law did not prevent the imposition of a constructive trust, meaning res judicata also applies as to the Morenos' homestead exemption argument. *See In re Green Field,* 594 B.R. at 306 n.23.

2020.[15] Further delays will prejudice the bankruptcy creditors who await payment of over $16 million from the Delaware final judgment.[16]

Fourth, the public interest weighs against the Morenos because the Court must respect the valid judgment of a different federal court.[17] Accordingly, the Court **DENIES** the Morenos' motion because all four factors weigh against the Morenos.

## IV. Conclusion

Accordingly, the Court **DENIES** the Moreno's emergency motion to stay judgment pending appeal and **FINDS AS MOOT** the Morenos' emergency motion for administrative stay.

**IT IS SO ORDERED** this 1st day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[15] Doc. 10 at 17.

[16] *Id.*

[17] *See* U.S. CONST. art. IV, § 1; 21 U.S.C. § 1738.